IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CR-223-WKW |
| | ) | [WO] |
| JAMES EARL McINTYRE, | ) | |
| JAMES LEE HAMILTON, | ) | |
| ERIC KENDALL SMITH, and | ) | |
| TYQUAVIOUS ROEQUAN | ) | |
| MITCHELL | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are motions to sever filed by Defendants James Earl McIntyre (Doc. # 415), James Lee Hamilton (Doc. # 427), Eric Kendall Smith (Doc. # 425), and Tyquavious Roequan Mitchell (Doc. # 443). Each Defendant argues that his trial should be severed from those of his co-Defendants to avert prejudice inherent in a joint trial. The Government filed a response in opposition to the motions. (Doc. # 446.) While joint trials have a certain amount of inherent prejudice, a trial severance requires a showing of compelling prejudice. After consideration of the written submissions and the parties' oral arguments, the court finds that Defendants have not demonstrated compelling prejudice and that the motions to sever are due to be denied.

# I. BACKGROUND

The thirty-seven-count superseding indictment implicates nineteen Defendants in drug-trafficking and money-laundering conspiracies and related substantive offenses. Smith, Mitchell, and McIntyre, along with twelve other Defendants, are indicted in a common conspiracy to distribute controlled substances, including cocaine and marijuana, in Lee and Montgomery counties. Hamilton and four of his co-Defendants are charged in a money-laundering conspiracy in Lee County. The money-laundering conspiracy allegedly operated for the purpose of concealing the proceeds of the drug-trafficking conspiracy.

Also, Smith, Mitchell, and McIntyre are charged with substantive offenses occurring during the same time frame of the drug-trafficking conspiracy. Smith is named in six of the thirty-seven counts. (Doc. # 174.) In addition to allegedly participating in the drug-trafficking conspiracy (Count 1), Smith faces trial on two counts of possessing with the intent to distribute controlled substances (cocaine hydrochloride and marijuana) (Counts 13 and 14), two counts of possessing a firearm in furtherance of a drug-trafficking crime (Counts 15 and 19), and one count of being a felon in possession of a firearm (Count 16). Mitchell is charged with possessing with intent to distribute marijuana (Count 14) and with possessing a firearm in furtherance of a drug-trafficking crime (Count 15). And McIntyre faces

three substantive counts (Counts 35, 36, and 37) for using a cell phone to facilitate the drug-trafficking conspiracy.

As sketched out in the briefing and at oral argument, the Government expects to prove at trial that Smith, Mitchell, McIntyre, and Hamilton each played a role in one of the illicit conspiracies. The Government intends to introduce seized home video surveillance of the interior of a mobile home that depicts Smith's and Mitchell's actions after the mobile home was riddled by gunfire in a drive-by shooting on September 16, 2016. The Government contends that the home video, which the undersigned has watched, depicts Smith and Mitchell, as well as co-Defendants Worldly Holstick and Timothy Lamar Spinks, hurriedly gathering drugs and drug paraphernalia to rid the home of contraband before escaping themselves[1]. Additionally, the Government asserts that a freeze-frame image shows Mitchell with a firearm in his hand. Furthermore, as to Smith, the Government represents that still-images from a pole camera show Smith and Holstick, an alleged leader in the drug-trafficking organization, toting firearms outside of a "drug house."

As to McIntyre, the Government expects to prove his involvement in the drug-trafficking conspiracy through intercepted cell phone communications between McIntyre and Holstick. More specifically, the Government contends that these

---

[1] The home video surveillance remains subject to pending motions to suppress. If necessary, upon proper motion, the court can revisit the severance issue after ruling on the motions to suppress.

communications show that McIntyre provided Holstick mailing addresses in the Middle District of Alabama for the shipment of marijuana from out of state.

Concerning Hamilton, the Government asserts that it expects to prove at trial that he maintained bank accounts in California in which proceeds from sales of marijuana were deposited. The Government categorizes Hamilton as the "banker" for the marijuana side of the narcotics conspiracy.

## II. DISCUSSION

Defendants contend that they will suffer compelling prejudice in a joint trial and that, therefore, a severance is required. "The decision whether to grant a severance lies within the district court's sound and substantial discretion." *United States v. Mosquera*, 886 F.3d 1032, 1041 (11th Cir. 2018). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011). The general rule, especially in conspiracy cases, is that "'defendants who are indicted together are usually tried together.'" *Id.* at 1234 (quoting *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007)). The rule, however, is not "ironclad." *Id.*

"If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14.  However, to warrant a severance, the prejudice must be "specific and compelling." *United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999) (citation and internal quotations omitted).  Often, "less drastic measures, such as limiting instructions, . . . will suffice to cure any risk of prejudice" from a joint trial.  *Zafiro*, 506 U.S. at 538–39; *see also United States v. Baker*, 432 F.3d 1189, 1237 (11th Cir. 2005) ("Severance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of" any instructions the trial court might give.).

The Eleventh Circuit has recognized limited circumstances where prejudice to a defendant from a joint trial may warrant a severance.  Two of those circumstances are (1) "where a cumulative and prejudicial 'spillover' may prevent the jury from sifting through the evidence to make an individualized determination of guilt as to each defendant" and (2) "where inculpatory evidence will be admitted against one defendant that is not admissible against another."  *Mosquera*, 886 F.3d at 1041–42; *see also Lopez*, 649 F.3d at 1234 (because of the presumption favoring joint trials of conspiracy cases, "[t]he exceptional circumstances justifying a deviation from the rule . . . are few and far between").  Urging separate trials,

Defendants invoke the prejudicial spillover theory; Hamilton also relies on the inculpatory-evidence theory.

Smith, Mitchell, and McIntyre contend that there will be a prejudicial evidentiary spillover based upon the disparity of their involvement in the alleged drug-trafficking conspiracy as compared to their co-Defendants' involvement. Hamilton argues that, because he is not charged in any of the counts pertaining to the drug-trafficking conspiracy and related offenses, he must be tried separately from the Defendants who are charged with those offenses to avoid compelling prejudice. Hamilton also argues that incriminating evidence pertaining to the drug-trafficking conspiracy and the use of firearms and cell phones to facilitate that offense is not admissible against him to prove the "distinctly different" money-laundering conspiracy. (Doc. # 427, at 4.)

Defendants have not met their heavy burden to demonstrate compelling prejudice to justify severance. Defendants share the argument that there is only a molehill of evidence as to their guilt, but a mountain of evidence against their co-Defendants. To begin, the molehill argument does not bode well for Smith. At oral argument, the Government stated that it expects to prove at trial that Smith was "at the heart of the conspiracy." It contends that the trial evidence will implicate Smith in activities evincing his substantial involvement in trafficking marijuana and cocaine and his use of firearms in furtherance of the drug-trafficking crimes.

6

Additionally, Smith, who is named in six counts of the superseding indictment, faces more charges than fifteen of his co-Defendants. This is not the sort of evidence that supports a severance. However, as discussed next, even if it turns out that Smith played only a minor role in the alleged conspiracy, a minor role does not, without more, necessitate a severance.

As to McIntyre and Mitchell, the Government admits that these two Defendants took on lesser roles in the conspiracy than some of their co-conspirators. At oral argument, the Government acknowledged that McIntyre's alleged involvement in the conspiracy is limited to the marijuana-distribution component of the narcotics conspiracy and that Mitchell's overt acts in the conspiracy arise solely from the seized home-video surveillance depicting Mitchell's activities in the aftermath of the drive-by shooting on September 16, 2016. However, "[a] defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants." *United States v. Oscar*, 877 F.3d 1270, 1290 (11th Cir. 2017) (citation and internal quotation marks omitted)). Nor does the fact by itself "that a defendant only participated in one aspect of the conspiracy . . . warrant severance." *United States v. Andrews*, 953 F.2d 1312, 1323 (11th Cir. 1992); *see also United States v. Cardascia*, 951 F.2d 474, 483 (2d Cir. 1991) (A "disparity in the quantity of evidence and of proof of culpability are inevitable in any multi[-]defendant trial, and by themselves do not

warrant a severance."). Moreover, in conspiracy cases, an argument of "prejudicial spillover" rarely supports a severance of codefendants' trials because, in most cases, the evidence would be admissible even at a separate trial of the moving defendant. *See United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993) ("Evidence at the joint trial of alleged co-conspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial."); *see also United States v. Dearden*, 546 F.2d 622, 625 (5th Cir. 1977)[2] ("[O]nce a defendant is connected with a conspiracy he is responsible for acts of the conspiracy occurring before or after his association.").

Defendants' arguments ultimately boil down to general assertions that the evidence will be prejudicial absent a severance of the joint trial. But "all incriminating evidence is inherently prejudicial." *United States v. Collins*, 697 F. App'x 652, 653 (11th Cir. 2017). Defendants have not shown evidence so prejudicial as to require a severance. Significantly, Defendants do not explain why evidence of their co-Defendants' involvement in the drug-trafficking conspiracy would not be admissible against them in a separate trial. As set out above, the body of evidentiary law applicable to conspiracies would likely preclude any such

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to October 1, 1981.

argument.  Because the Government contends that it expects to prove at trial that McIntyre and Mitchell each played a role, however small, in the conspiracy, evidence of the larger conspiracy at a joint trial does not satisfy Defendants' burden to show compelling prejudice.  Defendants' emphases on their comparatively minor roles in the drug-trafficking conspiracy relative to their co-conspirators do not justify a severance.

Hamilton's arguments of compelling prejudice are equally unavailing. "[W]here one set of schemes served to 'cover up' another set of criminal acts, all of the acts should be tried together." *United States v. Shkreli*, 260 F. Supp. 3d 247, 255 (E.D.N.Y. 2017).  Here, the Government contends that it expects to prove at trial that the two charged conspiracies — drug-trafficking and money laundering — are inextricably intertwined.  Specifically, it says that the evidence will show that Hamilton's charged conduct in the money-laundering conspiracy was undertaken to conceal the profits earned in the drug-trafficking conspiracy.  Hamilton has not offered any authority or persuasive argument that the evidence of the charged drug-trafficking activities would not be admissible against him, even in a separate trial, to prove that the source of the money funneled into the California bank accounts was illicit drug proceeds and that the bank accounts were being used to conceal the source of the funds.  *See* 18 U.S.C. § 1956(a)(1)(B)(i) (laundering drug proceeds to conceal and disguise).  To the extent that Hamilton argues that he did not know that the

deposits were drug-deal profits, his argument would go to the weight, not the admissibility, of the evidence. At least at this stage, Hamilton has not shown otherwise.

Moreover, Defendants have not overcome the presumption that cautionary instructions at trial would avert compelling prejudice. "[C]autionary instructions to the jury to consider the evidence separately are presumed to guard adequately against prejudice." *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997) (citation and internal quotation marks omitted); *see also Lopez*, 649 F.3d at 1238–39 (holding that the district court's limiting instructions to the jury "to consider evidence against only those defendants that the evidence implicated and to assess the guilt or innocence of each defendant separately" alleviated any prejudicial effect of the evidence of murders committed by co-defendants). There also is "strong presumption" that "jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendant against whom the evidence may be considered." *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004).

Defendants have not articulated any particular reason why a jury, in this case, would have difficulty following limiting instructions or would be unable to separate the evidence implicating one defendant from the evidence implicating another defendant. Juries, as this court has experienced, are very capable of sorting out tangled evidence and segregating the evidence as it applies to each defendant.

Wielding only speculative arguments, Defendants fail to demonstrate that less drastic remedies, such as jury instructions, would not shield against any risk of prejudice in a joint trial.

As a final point that mitigates against a severance, the number of Defendants proceeding to trial is less now than when Defendants filed their motions to sever. The joint trial will involve at most seven Defendants and likely will take less than a week. Severance is not required in light of the current record.

## III. CONCLUSION

Defendants have not demonstrated that a joint trial will result in compelling prejudice. Accordingly, it is ORDERED that the motions to sever filed by Defendants James Earl McIntyre (Doc. # 415), James Lee Hamilton (Doc. # 427), Eric Kendall Smith (Doc. # 425), and Tyquavious Roequan Mitchell (Doc. # 443) are DENIED.

DONE this 17th day of May, 2018.

                                      /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE